```
UNITED STATES DISTRICT COURT                    (ECF)
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -:
IN RE SUBPOENA DIRECTED TO          :
THE ASSOCIATED PRESS                :
                                    :
NIKOLAS SIKELIANOS,                 :   05 Civ. 7673 (RJS) (JCF)
                                    :
              Plaintiff,            :       MEMORANDUM
                                    :       AND   ORDER
     - against -                    :
                                    :
CITY OF NEW YORK, et al.,           :
                                    :
              Defendants.           :
- - - - - - - - - - - - - - - - - -:
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE
```

This is one of many cases arising out of arrests made during the Republican National Convention in 2004. The plaintiff has served a subpoena on the Associated Press ("AP"), a non-party, seeking unpublished photographs in AP's possession that concern the plaintiff's arrest by the New York City Police Department (the "NYPD"). The plaintiff has moved to enforce the subpoena, while AP has cross-moved to quash it on the grounds that the photographs are protected by the qualified journalist's privilege.

Nonconfidential press materials are subject to a qualified privilege that may be overcome by a showing that the materials are (1) "of likely relevance to a significant issue in the case" and (2) "not reasonably obtainable from other available sources." Gonzalez v. National Broadcasting Co., 194 F.3d 29, 36 (2d Cir. 1999). While the Second Circuit has made clear that this standard is less exacting than that which applies to confidential materials,

1

a litigant seeking nonconfidential materials will not be granted unfettered access to "sift through [journalists] files in search of information supporting [his] claims," because such access would undermine the public's perception of the press as an independent institution and foster the view that it is "an investigative arm of the judicial system, the government, or private parties." Id. at 35.

In this case, the plaintiff has failed to make the necessary showing to overcome the privilege. Mr. Sikelianos's counsel argues that the photos might be utilized to refresh the recollection of witnesses who were on the scene. He notes that they might "expose a face, shield number, aggressive police activity, or other item(s) of interest or value." (Letter of Jeffrey Rothman dated May 23, 2008 ("Rothman 5/23/08 Letter") at 2). However, this reasoning could apply to any photograph of the plaintiff's arrest; it is not sufficient to show a particularized need for the photos in AP's possession. Plaintiff's counsel next contends that the photos depicting the manner of the plaintiff's arrest are relevant to the issue of damages. Yet he has not identified any alleged police conduct that the defendants have disputed or are likely to dispute.[1] Finally, plaintiff's counsel suggests that, because AP

---

[1] If the officers' conduct at the scene were in material dispute, the plaintiff would likely be entitled to photographs that could resolve this dispute, even if the same information could theoretically be obtained through witness testimony. See Gonzalez, 194 F.3d at 36 ("We are [] persuaded that the outtakes contain information that is not reasonably obtainable from other available

2

indicated that some of the photos captured events "at the same time as, or just prior to" the plaintiff's arrest (Rothman 5/23/08 Letter at 1), it is possible that they might be relevant to the issue of whether the police had probable cause to stop Mr. Sikelianos and remove him from his bicycle. However, there is no indication that any of the photos in AP's possession show whether Mr. Sikelianos was obstructing the roadway or violating traffic rules.[2]

In addition, the plaintiff is already in possession of a handful of photos voluntarily turned over by AP (Exh. B to Letter of Jeffrey Rothman dated May 2, 2008 ("Rothman 5/2/08 Letter")), and the New York Daily News. (Exh. C to Rothman 5/2/08 Letter). These photos depict the NYPD restraining Mr. Sikelianos, applying flexcuffs to his wrists while he was on the ground, and leading him away on foot. The photographs also show the faces of others who were arrested near the plaintiff, the officers at the scene, including a white-shirted officer, and a man in a suit and tie who allegedly questioned the plaintiff about his political affiliations. To the extent that the plaintiff has identified a

---

sources, because they can provide unimpeachably objective evidence of [the defendant's] conduct.").

[2] In-house counsel for AP has indicated that the photographs in AP's possession generally depict: (1) arrests made around Mr. Sikelianos, including one person who was wrestled to the ground; (2) Mr. Sikelianos kneeling with his hands bound; (3) Mr. Sikelianos being escorted to a police vehicle with a white-shirted supervisory officer and a sergeant in the background; and (4) Mr. Sikelianos with other arrestees. (Rothman 5/2/087 Letter at 2).

need for photographic evidence of the circumstances of his arrest and the individuals who were involved, he already has access to that information.

Accordingly, the plaintiff's motion to enforce the subpoena is denied, and AP's cross-motion to quash it is granted. This determination is, of course, without prejudice to the plaintiff issuing a new subpoena seeking more specific information, provided he can make the requisite showing to overcome the journalist's privilege.

SO ORDERED.

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated: New York, New York
June 18, 2007

Copies mailed this date:

Jeffrey A. Rothman, Esq.
315 Broadway, Suite 200
New York, New York 10007

David A. Schulz, Esq.
Levine Sullivan Koch & Schulz, LLP
230 Park Avenue, Suite 1160
New York, New York 10169

4

James Mirro, Esq.
Special Assistant Corporation Counsel
City of New York Law Department
100 Church Street
New York, New York 10007

Raju Sundaran, Esq.
Special Assistant Corporation Counsel
City of New York Law Department
100 Church Street
New York, New York 10007